UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Behzad Vahidi (video) | Lee Hejmanowski (video) |

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANT RESONANT SPECIFIC TECHNOLOGIES, INC.'S MOTION FOR ATTORNEY'S FEES (DKT. 101)**

**I.    Introduction**

On December 10, 2020, The Vanguard Clinic, LLC ("Vanguard Clinic"), Nova Integrated Health, PC ("Nova Integrated), Gossett Global Health Solutions, PC ("Gossett Clinic"), Michael Glickert, D.C. ("Glickert"), Taylor Vanden Wynboom, D.C. ("Vanden Wynboom"), and Tommy Gossett, D.C. ("Gossett") (collectively, "Plaintiffs") brought this action against National Billing Institute, LLC ("NBI"), Resonant Specific Technologies, Inc. ("RST"), and Kareo, Inc. ("Kareo") (collectively, "Defendants"). Dkt. 1. The Complaint advances the following causes of action: (i) Breach of Fiduciary Duty, against NBI and Kareo; (ii) Intentional Misrepresentation, against NBI and RST; (iii) Negligent Misrepresentation, against NBI and RST; (iv) Concealment, against NBI and Kareo; (v) Constructive Fraud, against NBI and Kareo; (vi) Recession, against NBI; (vii) Conversion, against Kareo; and (viii) Unlawful Business Practices, in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"), against all Defendants. Dkt. 1. RST filed a Crossclaim against NBI and Kareo, which advances causes of action for Equitable Contribution and Equitable Indemnification. Dkt. 33.

On June 10, 2021, RST filed a motion for summary judgment. Dkt. 53. A hearing was held on February 7, 2022, and, on October 12, 2022, an order was issued granting summary judgment as to all the claims against RST (the "Prior Order"). Dkt. 98. The Prior Order granted summary judgment on the following grounds: (i) parol evidence barred the Plaintiffs' claims; (ii) there was no genuine issue of material fact as to whether Plaintiffs justifiably relied on RST's representations that Sanexas treatments may be reimbursed; (iii) there was no genuine issue of material fact as to whether RST was negligent because it was not aware of NBI's wrongful billing practices; (iv); Nevada law did not recognize Plaintiffs' UCL claims; and (v) the Complaint failed to meet the pleadings standards of Rule 9(b). *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

On October 25, 2022, RST filed a motion for attorney's fees (the "Motion") against Glickert, Vanden Wynboom, and Gossett (collectively, the "Plaintiffs"). Dkt. 101. Plaintiffs did not timely file an Opposition by the November 8, 2022 deadline. Dkt. 108. On December 5, 2022, counsel for the Plaintiffs, Michael Tran, filed a declaration (the "Tran Declaration"), which requested that Plaintiffs be granted leave to file an opposition. Dkt. 108. On December 12, 2022, after review of the Tran Declaration, the request was granted. Dkt. 109. On December 13, 2022, Plaintiffs filed an opposition to the Motion (the "Opposition"). Dkt. 110. RST filed a reply on December 22, 2022. Dkt. 111.

A hearing on the Motion was held on February 13, 2023. For the reasons stated in this Order, the Motion is **DENIED**.

**II.     Factual Background**

    A.  The Parties

Vanguard Clinic is a limited liability company organized under the laws of Missouri, whose principal place of business is there. Dkt. 1 ("Complaint") ¶ 2. Nova Integrated is a corporation organized under the laws of Iowa, whose principal place of business is there. *Id.* ¶ 3. Gossett Clinic is a corporation organized under the laws of Illinois, whose principal place of business is there. *Id.* ¶ 4.

Glickert, Wynboom and Gossett is each a licensed chiropractor and medical provider. Dkt. 53-2 ¶ 87. Glickert is a citizen of Missouri, and a managing member of Vanguard Clinic. Complaint ¶ 5. Wynboom is a citizen of Iowa, and president of Nova Integrated. *Id.* ¶ 6. Gossett is a citizen of Arizona, and the president of Gossett Clinic. *Id.* ¶ 7.

RST is a corporation organized and existing under the laws of the state of Nevada, whose principal place of business is there. Dkt. 53-2 ¶ 5. RST developed and currently manufactures Sanexas neoGen ("Sanexas"), an FDA-approved medical device for treating pain. RST sells and distributes Sanexas to healthcare providers nationwide. *Id.* RST is not a medical billing provider. *Id.* ¶ 6.

At all relevant times, NBI was allegedly "a medical insurance billing and consulting company offering its services to healthcare providers nationwide, including multiple providers in southern California." Complaint ¶ 8. Plaintiffs and NBI agree that NBI is a Florida limited liability company, whose principal place of business is there. *Id.* RST and NBI maintained a professional relationship in which RST referred prospective customers to NBI to answer their medical billing questions. *See* Sorgnard Decl., Dkt. 53-3 ¶ 12; Dkt. 70-3 at 2.

    B.  Relationship Among the Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

It is alleged that, at all relevant times, "there existed a profit-sharing relationship among Defendants, whereby RST sold Sanexas to Plaintiffs and referred them to NBI for billing services." Complaint ¶ 11.

Plaintiffs allege on information and belief that, at all relevant times:

> each Defendant in this action was the agent, authorized representative, joint venturer, or partner of each other Defendant, and in engaging in the conduct alleged in this Complaint, did so jointly and for a common purpose, within the course and scope of its agency, representation, joint venture, or partnership, in order to further its own, and each other's financial interests. Defendants, and each of them, acted with the knowledge, notification, consent, and ratification of each of the other Defendants. All the acts taken by any employees or agents of any of the Defendants were in fact ratified and adopted by the managing personnel of each named Defendant.

*Id.* ¶ 12.

   C.  The Sanexas Purchase Contracts

Plaintiffs purchased several Sanexas devices from RST, through written contracts (the "Sanexas Contracts"). Dkt. 53-2 ¶ 1. The Sanexas Contracts include the following choice-of-law clause:

> **GOVERNING LAW.** The volatility, enforceability and interpretation of this Agreement shall be determined in accordance with the laws of the State of Nevada.

Dkt. 53-2 ¶ 3; *see also* Dkt. 53-8 at 4 (copy of Sanexas Contract).

The Sanexas Contracts also include the following provisions regarding reimbursements of attorney's fees and costs. The fourth paragraph does not have a subheading.[1] It provides:

> Purchaser understands and agrees to pay all fees if any actions are taken by RST to enforce or to collect sums due under the terms of this Agreement, including and not limited to all attorneys' fees and legal costs. (Example: charges caused by misuse, carelessness, fire or contributory negligence on the part of the Purchaser on said equipment and/or accessories).

Dkt. 53-8 at 4; *see also* Dkt. 53-4 at 4; Dkt. 53-5 at 4; Dkt. 53-6 at 4; Dkt. 53-7 at 4.

---

[1] The relevant paragraph appears as the fourth paragraph in RST's contract with Glickert (Dkt. 53-4) and in two of its contracts with Vanden Wynboom (Dkts. 53-6 and 53-7), and as the third paragraph in RST's contract with Gossett Clinic (Dkt. 53-5) and in one of the contracts with Vanden Wynboom (Dkt. 53-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

The eighth paragraph provides:[2]

> **ATTORNEYS FEES**. Purchaser understands and agrees to reimburse RST for its reasonable attorney's fees and other expenses as are incurred to induce or compel the right to indemnify and prevailing party fees and attorney's fees and other expenses, whether suit is brought or not.

Dkt. 53-8 at 4; *see also* Dkt. 53-4 at 4; Dkt. 53-5 at 4; Dkt. 53-6 at 4; Dkt. 53-7 at 4.

**III.    Analysis**

    A.    Entitlement to Attorney's Fees

        1.    Choice-of-Law

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001). The California Supreme Court has addressed this issue:

> California has two different analyses for selecting which law should be applied in an action. When the parties have an agreement that another jurisdiction's law will govern their disputes, the appropriate analysis for the trial court to undertake is set forth in *Nedlloyd* [*Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (Cal. 1992) (en banc)], . . . which addresses the enforceability of contractual choice-of-law provisions. Alternatively, where there is no advance agreement on applicable law, but the action involves the claims of residents from outside California, the trial court may analyze the governmental interests of the various jurisdictions involved to [select] the most appropriate law.

*Wash. Mut. Bank, v. Sup. Ct.*, 24 Cal. 4th 906, 914-15 (2001).

Under these standards, because Plaintiffs brought this action in the Central District of California, California choice-of-law rules apply when determining the controlling substantive law. There is a choice-of-law provision in the Sanexas Contracts that may affect the Motion. Under *Nedlloyd*, "the trial court should first examine the choice-of-law clause and ascertain whether the advocate of the clause has met its burden of establishing that" the claims advanced in the action "fall within its scope." *Id.* at 916. "If the trial court finds that the . . . claims fall within the scope of a choice-of-law clause, it must next evaluate the clause's enforceability pursuant to the analytical

---

[2] The relevant paragraph appears as the eighth paragraph in the RST's contract with Glickert (Dkt. 53-4) and two of the contracts with Vanden Wynboom (Dkts. 53-6 and 53-7) and as the seventh paragraph in RST's contract with Gossett Clinic (Dkt. 53-5) and in one of the contracts with Vanden Wynboom (Dkt. 53-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

approach reflected in section 187, subdivision (2) of the Restatement Second of Conflict of Laws (Restatement)." *Id.*

A prior order held that the choice-of-law provision in the Sanexas Contracts did not apply to Plaintiffs' claims alleging tortious conduct. Dkt. 98. Nonetheless, it was determined that Nevada law governed this action in light of the government interest test. Thus, Nevada had the strongest interest in the application of its law to the conduct of an entity incorporated there. *Id.* The resulting question here is whether the Motion nevertheless falls within the scope of the choice-of-law provision.

As a preliminary matter, the Ninth Circuit has held that a motion for attorney's fees may be governed by the law of one jurisdiction even when the underlying claims were governed by the law of another jurisdiction. *Arno v. Club Med Boutique Inc.*, 134 F.3d 1424, 1426 (9th Cir. 1998) ("There is no support for [appellant's] position that the law governing liability for the tort automatically controls the fee issue."). Thus, the choice-of-law provision must be reviewed anew to determine whether it applies to the Motion.

The Sanexas Contracts state that the "enforceability and interpretation of this Agreement shall be determined in accordance with the laws of the State of Nevada." Dkt. 53-8 at 4. In support of the Motion, RST contends that certain provisions of the Sanexas Contracts entitle RST to an award of attorney's fees. Therefore, to prevail, RST must demonstrate that the relevant provisions are enforceable, and that they should be interpreted to cover this action. This requires a determination as to the enforceability and interpretation of the Sanexas Contracts. Therefore, the choice-of-law provision applies to the Motion, and its enforceability must be evaluated.

"When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws . . . dictates a different result. *Hoffman v. Citibank (S. Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008). Under that provision, "a court must determine as a threshold matter 'whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law.'" *Id.* (quoting *Nedlloyd*, 3 Cal. 4th at 1152). "If either of these tests is satisfied, the second inquiry is whether the "chosen state's law is contrary to a *fundamental* policy of California." *Id.* (quoting same). "If such a conflict with California law is found, 'the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue.'" *Id.* (quoting same).

RST, which, as noted, manufactures Sanexas, is a Nevada corporation whose principal place of business is there. Because the subject matter of the contracts is something that was manufactured in Nevada, Nevada has a substantial relationship to the parties to the transaction. Neither party has argued that the application of Nevada law is contrary to a fundamental policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

of California, and none is apparent. Neither party has provided any other reason why this choice-of-law provision is not enforceable. Consequently, Nevada law applies to the Motion.[3]

### 2. Interpretation of the Sanexas Contracts

Under Nevada law, a party to an action is entitled to an award of attorney's fees only when "authorized by a 'rule, statute, or contract.' " *Flamingo Realty, Inc. v. Midwest Development Inc.*, 110 Nev. 984, 991 (1994). Section 18.010 of the Nevada Revised statute provides, in part, that "[t]he compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." N.R.S. 18.010(1). However, "the contract needs to *explicitly* include the *exact* scenario in which a party may recover attorney's fees." *Closson v. Bank of Am., N.A.*, No. 2:11-CV-275 JCM GWF, 2013 WL 3285285, at *3 (D. Nev. June 27, 2013) (emphasis added). For example, courts "will not construe the provision to have broader application" where the provision "purports to allow attorney's fees in an action arising out of the terms of the instrument." *Campbell v. Nocilla*, 101 Nev. 9, 12 (1985). *Campbell* reversed an order granting respondent's request for attorney's fees because the contract provision failed expressly to allow such recovery in indemnification actions and only "contemplate[d] an action to 'enforce' the listing agreement." 101 Nev. at 12. The contract provision at issue in *Campbell* stated, "[in] case suit is brought to enforce this contract, [appellants] agree to pay reasonable attorney's fees as the court may fix . . . ." *Id.* Accordingly, because the contract did not expressly provide for the potential award of attorney's fees in the circumstances there at issue, the award was vacated. *Id.* Similarly, in *Dobron v. Bunch*, the Nevada Supreme Court denied an award of attorney's fees incurred in the defense of a usury action when the contract provided for the payment of attorney's fees incurred to enforce the guaranty agreement. 125 Nev. 460, 464-65 (2009).

Contract interpretation is a question of law. *See Shelton v. Shelton*, 119 Nev. 492, 497 (2003) ("The interpretation of [a] contract where the facts are not in dispute is a question of law."). The goal of contract interpretation is to give effect to the parties' mutual intentions. *Pioneer Title Ins. & Trust Co. v. Cantrell,* 71 Nev. 243, 263 (1955) (quoting *Caruso v. John Hancock Mut. Life Ins. Co.,* 57 A.2d 359, 360 (N.J. 1948) ("The law will not make a better contract for the parties than

---

[3] Further, because there is no material difference between California and Nevada law on the matter at issue, the application of the choice-of-law test is unnecessary. *See Emps. Mut. Co. v. N. Am. Specialty Flooring, Inc.*, 424 F. Supp. 3d 958 (E.D. Cal. 2019) ("[a] court need not apply either [of California's choice of law tests] where no material conflict exists between the laws of the states involved."; *see also Axis Reinsurance Co.*, 913 F. Supp. 2d at 800 ("[C]ourts need not engage in a section 1646 choice-of-law analysis where there is no material conflict between the laws of the states involved."); *M.D. Sass Inv'rs Servs., Inc. v. Reliance Ins. Co. of Illinois*, 810 F. Supp. 1082, 1086 (N.D. Cal. 1992) (addressing the "governmental interest analysis" and noting that "there is no conflict in applying California law to a dispute if the same outcome would be reached under the law of each of the states involved"); *Genesis Ins. Co.*, 916 F. Supp. 2d at 1065 ("[W]here there is no application of California's choice of law rules, the law of the forum state applies.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

they themselves have seen fit to enter into . . . .")). A document that is "clear on its face . . . will be construed from the written language and enforced as written." *Sandy Valley Assocs. v. Sky Ranch Estate Owners Ass'n,* 117 Nev. 948. 953 (2001) (citing *Ellison v. C.S.A.A.,* 106 Nev. 601, 603 (1990)). A contract is ambiguous when it is "reasonably susceptible to different constructions or interpretations." *Agric. Aviation Eng'g Co. v. Bd. of Clark County Comm'rs,* 106 Nev. 396, 398 (1990).

"When construing a contract, a court should consider the contract as a whole and 'should not interpret a contract so as to make meaningless its provisions.' " *New York Marine & Gen. Ins. Co. v. Penske Truck Leasing Co., L.P.*, 457 F. Supp. 3d 912, 916 (D. Nev. 2020) (quoting *Phillips v. Mercer*, 94 Nev. 279, 282 (1978). "The usual rule of interpretation of contracts is to read provisions so that they harmonize with each other, not contradict each other." *Peterson v. Minidoka Cty. Sch. Dist. No. 331*, 118 F.3d 1351, 1359 (9th Cir. 1997).

The Sanexas Contracts have two separate provisions as to the award of attorney's fees. The scope of the provisions at issue in connection with the Motion is not express.
The first provision is in the third or fourth paragraph of each of the Sanexas Contracts. Each version is identical and provides:

> Purchaser understands and agrees to pay all fees if any actions are taken by RST to enforce or to collect sums due under the terms of this Agreement, including and not limited to all attorneys' fees and legal costs. (Example: charges caused by misuse, carelessness, fire or contributory negligence on the part of the Purchaser on said equipment and/or accessories).

Dkt. 53-8 at 4; *see also* Dkt. 53-4 at 4; Dkt. 53-5 at 4; Dkt. 53-6 at 4; Dkt. 53-7 at 4.

The second provision is in the seventh or eighth paragraph of the Sanexas Contracts. Each version is identical and provides:

> **ATTORNEYS FEES**. Purchaser understands and agrees to reimburse RST for its reasonable attorney's fees and other expenses as are incurred to induce or compel the right to indemnify and prevailing party fees and attorney's fees and other expenses, whether suit is brought or not.

Dkt. 53-8 at 4; *see also* Dkt. 53-4 at 4; Dkt. 53-5 at 4; Dkt. 53-6 at 4; Dkt. 53-7 at 4.

RST argues that "an attorney fee provision applicable to 'any dispute under the agreement' is sufficiently broad to include the assertion of a contractual defense to fraud causes of action." Dkt. 101-1 at 11 (quoting *Gil*, 121 Cal. App. 4th at 744) (cleaned up). RST also argues that "parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." *Id.* (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

*Casella v. SouthWest Dealer Servs., Inc.*, 157 Cal. App. 4th 1127, 1161 (2007)) (cleaned up). RST relies on the following language, which refers to "prevailing party fees and attorney's fees and other expenses, whether suit is brought or not." *Id.* at 12. RST concludes that the latter paragraph applies to all claims that would not have arisen but for the Sanexas Contracts. *Id.*

Plaintiffs argue that the language on which RST relies only refers to actions to "induce or compel the right to indemnify." Dkt. 110 at 3-4. Because the underlying claims did not concern a claim of indemnification, Plaintiffs contend that the Motion should be denied. *Id.*

The analysis begins with the text of the contracts. When the latter paragraph is viewed in isolation, there is some force to RST's argument that the "attorney's fees and other expenses" mentioned in the second half of the paragraph must be different than the "attorney's fees and other expenses" mentioned in the first half of the paragraph, which are limited to those fees and expenses incurred to induce or compel the right to indemnify . . . ." However, the more appropriate interpretation of the language is that the second half of the paragraph clarifies that "attorney's fees and other expenses" are available in any dispute related to indemnification, whether the dispute is resolved by litigation or some other process. If the parties intended that the second half of the paragraph was to apply to all disputes that would not have arisen but for the Sanexas Contracts, they would not have placed this term after two other, more specific provisions as to an award of attorney's fees.

RST contends that Plaintiffs' interpretation makes the first half of the paragraph superfluous. Thus, it contends that Plaintiffs' interpretation disregards all of the language in the paragraph after the word "indemnify." This argument is not persuasive. The paragraph is long, and includes some language that is not superfluous because it serves to clarify other provisions of the contract. Standing alone, the first half of the paragraph does not make clear whether it covers only litigation brought to induce or compel the right to indemnify or whether it also applies to other possible measures undertaken for this purpose.

RST's interpretation that would render the fourth paragraph, and much of the eighth paragraph, superfluous. If it were adopted, the language referring to "prevailing party fees and attorney's fees and other expenses, whether suit is brought or not" would apply to all claims arising out of the Sanexas Contracts. If so, there would be no need separately to provide for an award of fees for actions to enforce the contract or actions to induce or compel the right to indemnification.

RST next claims that "courts have looked to the behavior of the counterparty in litigation to ascertain their interpretation of fees provisions." Dkt. 101. In support of this position, RST cites *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1343-44 (1992) (plaintiff's request for attorney's fees from all defendants suggested the parties had not intended to limit attorney's fees to certain parties). The Complaint did seek an award of attorney's fees. However, the Complaint did not allege or otherwise state that this request was based on the relevant provisions in the Sanexas Contracts. Instead, the Complaint simply requested an award of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-11234 JAK (PD) | Date | September 29, 2023 |
| Title | The Vanguard Clinic, LLC et al v. National Billing Institute, LLC et al | | |

"reasonable attorney's fees and costs to the extent allowed by law." Complaint at 30. Many plaintiffs seek an award of attorney's fees in complaints in the event that discovery shows a basis for such an award that may not have been apparent at the time that the action was filed. Although Plaintiffs requested attorney's fees in the Complaint, this does not support a finding that they conceded that paragraph eight should be interpreted as RST suggests, or that they are somehow estopped from opposing that interpretation.

Plaintiffs contend that, to the extent the Sanexas Contracts are ambiguous, they should be interpreted in their favor because the Sanexas Contracts were prepared by RST. According to the Nevada Supreme Court, it is "a well settled rule" that "[i]n cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language." *Williams v. Waldman*, 108 Nev. 466, 473 (1992). It is not clear who was the primary, or exclusive author of the Sanexas Contracts. Each of them was the third page of a larger document -- which appears to be a purchase order -- and that the first and second pages contained RST's letterhead. Dkts. 53-4, 53-5, 53-6, 53-7, 53-8. Further, each contract was initialed by the Plaintiffs, but not signed by RST. *Id.* However, it is unnecessary to determine whether Plaintiffs played any role in drafting the Sanexas Contracts. Even without the application of this rule, Plaintiffs have made a sufficient showing that their interpretation of the Sanexas Contracts is correct.

For the foregoing reasons, the Sanexas Contracts do not provide for an award of attorney's fees in all claims that would not have arisen "but for" the Sanexas Contracts, and RST is not entitled to an award of attorney's fees.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    tj